UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00391-DJH-CHL

**SHELBY PERKINS,**                                                                                                   **PLAINTIFF,**

v.

**AMAZON.COM SERVICES, LLC,**                                                                      **DEFENDANT.**

## ORDER

Before the Court is a Motion to Seal filed by Defendant Amazon.com Services, LLC ("Amazon"). (DN 34.) Amazon moves the Court to seal certain exhibits attached to its Memorandum in Support of its Motion for Summary Judgment. (*See generally* DNs 33, 35.) Plaintiff did not file a response, and the time to do so has expired. Therefore, this matter is ripe for review.

For the reasons set forth below, Amazon's motion (DN 34) is **DENIED**.

### I.     BACKGROUND

Plaintiff Shelby Perkins ("Perkins") filed suit against Amazon alleging employment discrimination and retaliation. (*See* DN 1-1.) Perkins asserts that she was terminated from her job due to her pregnancy and for engaging in otherwise protected activity in violation of the Kentucky Civil Rights Act. (*See* DN 33 at PageID # 97.) Amazon filed a Motion for Summary Judgment, to which Perkins filed a response and Amazon filed a reply. (DNs 33, 38, 41.) Perkins alleges that she experienced unexpected bleeding during a shift near the beginning of her employment with Amazon. (*See* DN 33 at # *100;* s*ee also* DN 38 at # 373.) Perkins went to the hospital, and a doctor subsequently placed her under certain medical work restrictions.[1] Perkins then requested

---

[1] Perkins' medical restrictions consisted of a "need to be able to sit frequently at work for breaks, with light duty, and no heavy lifting." (DN 33 at # 100.)

work accommodations in accordance with those prescribed medical restrictions, which Amazon ultimately determined it could not accommodate. (*See generally* DNs 33, 38.) Amazon argues that the exhibits at issue, filed in support of its Motion for Summary Judgment, should be kept under seal due to the "sensitive and confidential nature" of the information contained within the exhibits. (*See* DN 34 at # 307).

## II.     LEGAL STANDARD

It is well-established that there is a "strong presumption in favor of openness" regarding court records. *See, e.g., Rudd Equipment Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). The party seeking to seal the records bears a "heavy" burden of overcoming the presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). To meet this burden, the party seeking a seal must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly tailored. *Id.*; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.,* 834 F.3d 589, 593-94 (6th Cir. 2016). The Sixth Circuit has held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Int'l., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)). Further, in ruling on a motion to seal, the Court is required to make "specific findings and conclusions 'which justify nondisclosure to the public.'" *Rudd,* 834 F.3d at 594 (quoting *Brown & Williamson*, 710 F.2d at 1176). "'[A] court's failure to set forth those

2

reasons . . .' is itself sufficient grounds to vacate the seal." *Id.* (quoting *Shane Grp.*, 825 F.3d at 306).

### III.   DISCUSSION

The Court finds that Amazon has failed to meet its burden to demonstrate that the documents at issue warrant sealing.  In support of the motion, Amazon merely states that the sealed documents "contain[] confidential information, and as outlined in the parties' Confidential Agreement, such confidential information should be visible only to the parties in this matter and should [thus] be maintained under seal." (DN 34 at # 307.)  This general and conclusory statement, and the absence of analysis as to whether the information contained therein rises to a level necessary to rebut the presumption of public access, is insufficient to justify a seal in the light of the above-cited authority.  *See Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Int'l., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002).  Furthermore, that the parties agreed to the confidential nature of the underlying documents, and that Perkins did not object to the Amazon's Motion to Seal, is irrelevant to the Court's determination.  The presumption that the public has the right to access judicial records does not vanish simply because all parties agree that certain records should be sealed.  *See Rudd*, 834 F.3d at 595 (noting that, although the defendant did not object to the plaintiff's motion to seal, his lack of objection did not waive the public's First Amendment and common law right of access to court filings); *see also Shane*, 825 F.3d at 305 (explaining that "[a] court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody").

Although Amazon does not explicitly assert that the underlying documents contain trade secrets, the Court will construe Amazon's briefing as making such an argument considering that the documents may contain Amazon's business information.  Trade secrets are one of the few

3

recognized exceptions which may be sufficient to overcome the presumption of public access. *See Brown*, 710 F.2d at 1180 (finding that "a court should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records"). However, upon review of the underlying documents, the Court finds that the information Amazon seeks to seal does not contain trade secrets. The documents at issue contain information that outlines internal communications between various levels of Amazon management. Specifically, they contain information regarding requests for processing backpay and resolving issues related to Perkins' mistaken discharge, a general outline of employee reinstatement procedures, including an initiation of a 401k reinstatement, deleting records of Perkins' discharge within her employee file, and updating documents on the human resources management ("HRM") platform, and the internal communications between Amazon employees, including their discussion and determination of whether they can accommodate her medical restrictions. (*See generally* DN 35.) Amazon's interest in sealing such information does not rise to the level of a compelling interest sufficient for this Court to overcome the public's presumption of access under any circumstance. Indeed, the underlying documents do not contain private medical information of any party or non-party, nor is the information that which could reasonably harm Amazon's competitive standing. As *Brown* and *Shane Grp.* make clear, general business information about a company is not entitled to any specific protection and does not rise to the level of a trade secret. (*See id.*; *see also Shane*, 825 F.3d at 307.) Accordingly, because the Court finds that Amazon failed to meet its burden to demonstrate that it has a compelling interest in sealing the documents, the Court shall deny the motion.

IV. **ORDER**

For the reasons set forth above,

IT IS HEREBY ORDERED that the Motion to Seal (DN 34) is **DENIED.** The Clerk of the Court is directed to permanently unseal DN 35.

Colin H Lindsay, Magistrate Judge
United States District Court

August 29, 2023

cc: Counsel of record